UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 12-01

TELLY HANKTON ET AL.                        SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is Sana Johnson's motion to sever. For the reasons that follow the motion is DENIED without prejudice.

**Background**

Sana Johnson is one of 13 defendants who was charged in a 24-Count Third Superseding Indictment returned on June 19, 2014. Johnson is charged in two counts. First, she is charged in Count 19 with conspiracy to commit misprision of a felony. Second, she is charged in Count 20 as an accessory after the fact of murder. The remaining counts against her 12 co-defendants include charges of racketeering activity, a drug distribution conspiracy, a conspiracy to possess firearms in furtherance of crimes of violence, murder, attempted murder, illegal possession of firearms, obstruction of justice, and money laundering.

Eight of Johnson's co-defendants have pled guilty. Johnson maintains her innocence. Aside from Johnson, the four remaining defendants are the alleged leader of the criminal enterprise, the organization's alleged hitman who is charged with multiple murders, an alleged drug distributor and gunman for the enterprise

who is also charged with murder, and another defendant charged with murder and firearms offenses.

The government alleges that Johnson was involved in a scheme to commit perjury in a state court trial against Telly Hankton, the alleged leader of the charged racketeering enterprise. According to the government, Sana Johnson provided false alibi testimony at Hankton's trial, which resulted in a hung jury.[1] Hankton was charged with murdering Darnell Stewart on Claiborne Avenue in New Orleans. Johnson maintains that she has no knowledge as to the whereabouts of Telly Hankton on the night of the murder, nor did she testify that she had any such knowledge at Hankton's trial. Instead, Johnson urges that she only testified as to what another witness, D.H., had told her.[2] Indeed, Johnson submits that she has never even met any of her 12 co-defendants.

I.

Rule 8 of the Federal Rules of Criminal Procedure governs the joinder of multiple offenses and defendants in the same indictment. Rule 8(a) allows an indictment to charge one defendant with multiple offenses if they "are of the same or similar character,

---

[1] Ultimately, a new trial was granted and Hankton was convicted and sentenced to life imprisonment.

[2] Curiously, neither the government nor Sana Johnson elaborate on the details of Johnson's testimony or alleged participation in the perjury scheme.

2

or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The requirements of Rule 8 are flexible: the offenses "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." See United States v. Butler, 429 F.3d 140, 146-47 (5th Cir. 2005)(quoting United States v. Fortenberry, 914 F.2d 671, 675 (5th Cir. 1990)). The propriety of joinder of offenses under Rule 8 is determined from the face of the allegations in the indictment. See United States v. Posada-Rios, 153 F.3d 832, 862 (5th Cir. 1998). This Circuit broadly construes Rule 8 in favor of initial joinder of offenses. See Butler, 429 F.3d at 146.

Similarly, Rule 8(b) allows multiple defendants to be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Rule specifies, however, that "[a]ll defendants need not be charged in each count." Id. It is the rule in this Circuit that persons indicted together should be tried together, especially in conspiracy cases. See United States v. McRae, 702 F.3d 806, 821 (5th Cir. 2012). But "the government need not allege a conspiracy in order to join defendants or counts." Id. at 820 (quoting United States v. Dennis, 645 F.2d 517, 520 (5th Cir. 1981). "Instead, [w]hat is required is a series of acts unified by

3

some substantial identity of facts or participants." Id. (internal quotations omitted).

Rule 14 of the Federal Rules of Criminal Procedure recognizes the possibility that defendants who are properly joined under Rule 8 may nonetheless be unfairly prejudiced. The Rule thus provides, if joinder "appears to prejudice the defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). It is the resounding preference of federal courts, however, to jointly try defendants who are indicted together. See Zafiro v. United States, 506 U.S. 534, 537 (1993). "It is the rule, therefore, not the exception, that persons indicted together should be tried together, especially in conspiracy cases." United States v. McRae, 702 F.3d 806, 821 (5th Cir. 2012). The Court must weigh its interests in judicial economy against the risk of prejudice to a defendant in deciding whether a joint trial is appropriate. See Zafiro, 506 U.S. at 537.

This Circuit does not hold a generous attitude toward severance. "Severance is proper only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." McRae, 702 F.3d at 822 (internal quotations omitted). Less drastic measures, such as limiting jury instructions, "often will suffice to cure any risk

4

of prejudice." Zafiro, 506 U.S. at 539; United States v. Daniels, 281 F.3d 168, 177 (5th Cir. 2002). Finally, this Court has wide discretion in determining whether severance is appropriate: "The denial of a severance motion will be reversed only for abuse of discretion, upon a showing of specific and compelling prejudice." United States v. Erwin, 793 F.2d 656, 665 (5th Cir. 1986).

Here, Johnson maintains that her right to due process will be overcome by "insurmountable prejudice" if she is tried jointly with the remaining co-defendants.

A.

In support of her claim, Johnson relies primarily on three Fifth Circuit cases. The Court observes this precedent in detail.

In United States v. McRae, 702 F.3d 806 (5th Cir. 2012), the Fifth Circuit held that David Warren, the police officer who shot Henry Glover in the infamous post-Katrina cover-up killing, should have been severed from the other two officers who burned Glover's body and fabricated a cover-up police report. Although Warren was the shooter, it was not alleged that he played any role in the crimes of his co-defendants. The Court found that, if Warren had been tried alone, the trial would have lasted three days. Instead, Warren was subjected to a month-long trial in which inflammatory evidence was introduced about the burning of Glover's body and the attempt by fellow officers to hide their crimes by falsifying a police report. Notably, the government did not charge the

5

defendants with conspiracy. The Court found, however, that the government inappropriately treated the defendants as conspirators, making it difficult for any jury to compartmentalize the evidence separately for each defendant. The Court concluded, "We do not fault the district court for declining to sever Warren's case before trial, but as the trial progressed, however, and the evidence and testimony presented became irrelevant and unusable against Warren, and increasingly inflammatory to him, we are of the belief that limiting instructions could not mitigate the prejudice." Id. at 828.

In United States v. Cortinas, 142 F.3d 242 (5th Cir. 1998), twenty-eight members of a drug smuggling organization were indicted for conspiracy with intent to distribute marijuana, along with various other substantive offenses. Before the trial, four defendants filed motions to sever on the ground that trial evidence related to the actions of a motorcycle gang was highly prejudicial and irrelevant to their cases. Much of the evidence presented at trial focused on the violent and criminal nature of the motorcycle gang who collected debts for the drug organization, including a specific incident in which the gang "shot up" a delinquent customer's house, killing a fourteen year old boy. The Court reasoned that the two defendants who were not associated with the motorcycle gang and whose involvement with the drug conspiracy ended before the motorcycle gang was employed should have been

6

severed from the trial. The Court concluded that "[l]imiting instructions given by the trial judge were inadequate to mitigate the prejudicial effect of the overwhelming testimony regarding the violent, criminal activities of the [motorcycle gang]." Id. at 248.

In United States v. Erwin, 793 F.2d 656 (5th Cir. 1993), the Fifth Circuit considered the issue of severance in a large, family drug conspiracy. There, the indictment charged twenty-four people with counts ranging from racketeering to perjury, including firearms violations, drug distribution, kidnappings, and one killing. Of six defendants who moved to sever, the Fifth Circuit concluded that only one should have been tried separately. The sole defendant was not charged with being a part of the conspiracy. She was only indicted on perjury charges in connection with concealing the organization's profits. The Court found that "very little of the mountainous evidence was usable against her, and almost none of it applied directly." Id. at 666.

### B.

Sana Johnson is not charged as a member of the RICO conspiracy, the drug distribution conspiracy, or the conspiracy to possess firearms. The only two charges against her are related to an alleged perjury scheme in a state court trial. If Johnson were to be tried separately, her trial would perhaps last three days,

7

and the main focus would be straightforward: did she in fact lie on the stand during Hankton's trial?

Instead, Johnson faces a three to four week trial in which evidence of racketeering, many murders, an attempted murder, a large-scale drug distribution operation, money laundering, and firearms offenses will be the primary focus. Her remaining co-defendants are all charged as part of either the RICO conspiracy, the drug distribution conspiracy, or the firearms conspiracy; and all are charged with murder. The government does not allege that Johnson was a member of any conspiracy in which her remaining co-defendants are charged.[3]

Nonetheless, the government contends that Johnson "played a major part in one of the key events that demonstrates the Hankton organization's contempt for and efforts to evade criminal justice." Yet the government then immediately contradicts itself by detailing the inflammatory charges against Johnson's co-defendants instead of explaining Johnson's supposed "major part." The government's insistence on treating Johnson as a co-conspirator to the racketeering enterprise, the murders, and the drug operation is, itself, compelling grounds for severance. See McRae, 702 F.3d 806 (5th Cir. 2012)(Court found that treating defendants as co-conspirators when they were not charged as co-

---

[3] Johnson's two alleged co-conspirators to commit misprision of a felony have pled guilty and are not participating at trial.

conspirators was highly prejudicial). Comparing Sana Johnson to the defendants who were severed in <u>McRae</u>, <u>Cortinas</u>, and <u>Erwin</u>, the Court finds many similarities.

Nevertheless, neither the government nor Sana Johnson have provided specific details or evidence as to the extent of Johnson's involvement in this case. Without knowing the details of Johnson's involvement, the Court cannot find at this time that she will be unfairly prejudiced by a joint trial.[4]

Accordingly, IT IS ORDERED that Sana Johnson's motion to sever is DENIED WITHOUT PREJUDICE.[5]

New Orleans, Louisiana, June 2, 2016

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] "We do not fault the district court for declining to sever [the defendant's] case before trial, but as the trial progressed, however, and the evidence and testimony presented became irrelevant and unusable against [the defendant], and increasingly inflammatory to him, we are of the belief that limiting instructions could not mitigate the prejudice." <u>McRae</u>, 702 F.3d at 828.

[5] Unless the government's presentation can demonstrate during the early stages of trial that Ms. Johnson has been properly joined, the Court will order that she be severed and tried alone at some very early date to be set by the Court.